**EXHIBIT A**

State of New York - Department of State
Division of Corporations

Party Served:
CVS ALBANY, L.L.C.

Plaintiff/Petitioner:
BOSHCA, LYDIA

C/O CVS PHARMACY, INC.
ATTN: MELANIE LUKER
ONE CVS DRIVE
WOONSOCKET, RI 02895

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 01/19/2018 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------X
LYDIA BOSHCA,

                        Plaintiff,

    -against-

CVS HEALTH CORPORATION, CVS ALBANY
LLC, d/b/a CVS PHARMACY,

                        Defendants.
---------------------------------------------------------------X

Index No. 600925/2018
Date Index No. Purchased: 1/16/2018

Plaintiffs designate Suffolk County as the place of trial

**SUMMONS**

The basis of venue is Plaintiff's residence

To the above named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
         January 16, 2018

                                      Yours, etc.

                                      KREINDLER & KREINDLER LLP
                                      By: _____
                                      Andrew J. Maloney III, Esq.
                                      Kreindler & Kreindler LLP
                                      750 Third Avenue
                                      New York, NY 10017
                                      Phone: (212) 687-8181
                                      *Attorneys for Plaintiffs*

TO DEFENDANTS:

CVS HEALTH CORPORATION
Attn: Melanie Luker
One CVS Drive
Woonsocket, RI 02895

CVS ALBANY LLC
d/b/a CVS Pharmacy
One CVS Drive
Woonsocket, RI 02895
Attn: Melanie Luker
**Via Secretary of State**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X
LYDIA BOSCHA,                                    Index No:  600925/2018

                    Plaintiffs,
                                                 **VERIFIED**
-against-                                        **COMPLAINT**

CVS HEALTH CORPORATION,
CVS ALBANY LLC, d/b/a
CVS PHARMACY
                    Defendants.
------------------------------------------------------------X

Plaintiff, by her attorneys, Kreindler & Kreindler, LLP, as and for her Verified Complaint, respectfully alleges, upon information and belief:

## PARTIES

1. The plaintiff, LYDIA BOSCHA, at all times herein mentioned was and still is a resident of the County of Suffolk and the State of New York. Ms. Boscha was born in 1926 and is 91 years old.

2. The defendants CVS HEALTH CORPORATION and CVS ALBANY LLC, d/b/a CVS PHARMACY (hereinafter "CVS"), at all times herein mentioned, were and still are corporations organized and existing under the laws of the State of Rhode Island and licensed to conduct business in the State of New York.

3. CVS at all times herein mentioned regularly conducted and carried on business in the County of Suffolk and the State of New York.

4. CVS, at all times herein mentioned was and still is a corporation doing and transacting business in the County of Suffolk and the State of New York.

5. At all times herein mentioned, CVS derived substantial revenue from pharmaceutical goods or services rendered in the State of New York, and derived substantial revenue

from interstate or international commerce.

6. At all times herein mentioned, CVS expected or should reasonably have expected their acts to have consequences in the State of New York.

7. At all times herein mentioned, CVS owned, operated, leased, licensed and conducted a pharmacy business at 1280 Deer Park Avenue, North Babylon, New York, known as CVS Pharmacy.

### AS AND FOR THE FIRST CAUSE OF ACTION FOR NEGLIGENCE

8. On or about February 8, 2017, CVS was responsible for fulfilling a prescription from Plaintiff, Lydia Boscha's primary care physician, Sumeet K. Anand, M.D., for Kayexalate Powder, 30gm dose to be taken orally **one time** to lower the potassium levels in her blood. CVS however, erroneously filled the script by substituting Sodium Polystyrene Sulf Powder, 30gm to be taken **Once per Day** until finished, which would be in approximately one month. Ms. BOSCHA followed the instructions from CVS pharmacy and proceeded to ingest 30gm of the Sodium Polystyrene Sulf Powder every day for the next 15 days.

9. Ms. BOSCHA became ill and got worse each day. On or about February 23, 2017, Plaintiff LYDIA BOSCHA became seriously ill and visited her physician who told her to stop taking the powder. Nonetheless the damage was done and Ms. BOSCHA was hospitalized on February 28, 2017 and close to death. She remained hospitalized for approximately one week where she received treatment around the clock until she was discharged from Good Samaritan Hospital Medical Center on March 7, 2017.

10. On or about February 8, 2017 through March 7, 2017, solely as a direct result of the defendants' negligence, careless and recklessness in filling her prescription medication improperly and issuing improper instructions on dosage, LYDIA BOSCHA was caused to

suffer dehydration, kayexalate toxicity, congestive heart failure exacerbation, COPD exacerbation, bilateral carotid stenosis, complex renal mass or cyst, hypertension, hyperlipidemia and atrial fibrillation.

11. By reason of the foregoing, LYDIA BOSHCA was injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in the nature and duration, and LYDIA BOSCHA will be permanently caused to suffer pain, inconvenience and other effects of such injuries.

12. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

13. Due to defendants' negligence, plaintiff is entitled to damages in the sum of which exceeds the jurisdictional limits of all lower courts, and is within the courts' jurisdiction.

**WHEREFORE**, due to defendants' negligence and their failure to use reasonable care in filling plaintiff's prescription medication and issuing improper instructions on dosage, plaintiff is entitled to damages in the sum of which exceeds the jurisdictional limits of all lower courts, and is within the courts jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: January 16, 2018
New York, New York

KREINDLER & KREINDLER LLP

BY: ANDREW J. MALONEY
750 Third Avenue
New York, New York 10017
(212) 973-3438

## ATTORNEY VERIFICATION

ANDREW J. MALONEY, an attorney duly admitted to practice law in the State of New York, under penalties of perjury, affirms the following:

That deponent is the attorney for the Plaintiff(s) in the action within; that deponent has read foregoing **VERIFIED COMPLAINT** and knows the contents thereof, that the same is true to the deponent's own knowledge except as the to the matters therein stated to the alleged upon information and belief, and as to those matters believes it to be true and the reason this Verification is not made by Plaintiff(s) and is made by deponent is that Plaintiff is not presently located in the county where the deponent-attorney maintains his office.

Dated: January 16, 2018
New York, New York

_____
BY: ANDREW J. MALONEY

4